## HOWELL v LORAIN (city)

Ohio Appeals, 9th Dist, Lorain Co

No 738. Decided May 17, 1935

534.

Howell, Roberts & Duncan, Cleveland, for plaintiff in error.

Wesley L. Grillis, Lorain, and Milton Friedman, Lorain, for defendant in error.

## OPINION

### By WASHBURN, J.

The claimed error most strenuously urged is the refusal of the court to charge the jury before argument as requested by plaintiff in her request No. 4.

Before setting forth said request, we will refer to the requests of plaintiff which the court did charge before argument, and to some parts of the general charge of the court.

At the request of plaintiff, the court charged before argument that the negligence, if any, of the driver, could not be imputed to the plaintiff, and that if the defendant was negligent as charged and such negligence proximately caused plaintiff's injuries, she was entitled to recover, even if the negligence of the driver of the automobile was a contributing cause of such injuries.

The court also charged before argument, at the request of plaintiff, that it was the duty of the defendant "to keep this intersection reasonably safe for public travel and use as a part of the street" and if the defendant neglected to do so and such neglect injured plaintiff, she had a right to sue the defendant separately. although the railway owed to the plaintiff a like duty.

The court also charged the jury before argument, at the request of the plaintiff, as follows:

"No. 3. I instruct you as a matter of law, that it was the duty of the City of Lorain under the laws of the State of Ohio to exercise ordinary care to keep its streets open, in repair, and free from nuisance, and if you find from a preponderance of the evidence in this case that the City of Lorain failed and neglected to exercise ordinary care to keep East 28th Street open, in repair, and free from nuisance, as alleged in the plaintiff's petition, that would constitute actionable negligence on the part of said city; and that if you further find by a preponderance of the evidence that such negligence was the direct and proximate cause of the plaintiff's injuries, then your verdict must be for the plaintiff."

The term "ordinary care" used in said request not being defined or explained in the charges given before argument, the court very properly defined it in the general charge as follows: "Ordinary care is that degree of care which persons of ordinary prudence are accustomed to use and employ under the same or similar circumstances"; and therefore, in determining whether it was error to refuse to give plaintiff's request No. 4, said request No. 3, which was given, should be considered as though said definition was a part of said request No. 3 when given. Said definition did not in any way conflict with or modify said request, but only made its meaning plain and understandable.

We then have the court charging before argument that "it was the duty of the defendant to exercise that degree of care which persons of ordinary prudence are accustomed to use and employ" under the circumstances 'to keep" said street "open, in repair and free from nuisance," and that if the defendant failed to use such care it was negligent, and that if such "negligence was the direct and proximate cause of plaintiff's injuries, then your verdict must be for the plaintiff."

It was alleged in the petition that the dangerous condition of the street at said intersection constituted a nuisance.

Request No. 4, which was refused, is as follows:

"If you should find from a preponderance of the evidence in this case that the pit or depression into which the car in which plaintiff was riding fell, was not in fact part of the public street but was in such close proximity to the traveled way as that persons using the public way in the ordinary and proper manner were likely to fall into it and be injured, and that the city knew, or in the exercise of ordinary care should have known, of such condition, then I charge you that it would be the duty of the city to take and use reasonable and ordinary care to so guard and protect such place as to avoid such danger and injury to the public from such source."

It may not be of prime importance, but said request is inaccurate and unfair in characterizing the roadbed as a "pit" into which the automobile "fell." It is important, however, to note that the defendant did not claim in its answer that the condition complained of was not in the street, and no testimony was offered to prove such a claim, and that the court, in giving defendant's request No. 6, assumed that it was in the street, and accordingly charged that the railway and the defendant owed a common duty to the plaintiff in reference to it, and that plaintiff had a right to sue the

536

defendant without suing the railway company.

It is true that said request No. 6 uses the term "this intersection," but separate and apart from said condition, there was no other complaint involved in the action, and in fact the charge of the court throughout assumed that said condition was in the street, and, in describing the duty of the defendant, the court specifically referred to "that portion of 28th street where the injury in question is alleged to have occurred", which is the roadbed which plaintiff refers to in request No. 4 as a "pit."

Our conclusion is that to have given request No. 4 would have introduced extraneous matters into the case, and that the refusal to give said request was not error.

We find no merit in the record as to the claim of plaintiff that the defendant contended and the court apparently adopted the view that plaintiff's right to recover existed "only in the event there was a defect in the paved street and not immediately adjacent thereto."

It was the duty of the court to charge upon the issue raised by the answer as to the negligence of the driver of the automobile being the sole proximate cause of plaintiff's injuries, and the court was careful to charge that, if both the defendant and said driver were negligent and such combined negligence caused the injury, plaintiff could recover, and that was charged before argument also.

We have also considered the other complaints made in reference to the general charge of the court, but find no prejudicial error in said charge; and likewise we do not find that the verdict and judgment are manifestly against the weight of the evidence.

Judgment affirmed.

FUNK, PJ, and STEVENS, J, concur in judgment.